IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**QUEEN WATSON and JACQUELINE WEST,**     **PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated

vs.                     No. 3:20-cv-50-JM

**PATIENTMATTERS, LLC**                                      **DEFENDANT**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Queen Watson and Jacqueline West ("Plaintiff"), each individually and on behalf of all others similarly situated, by and through their attorneys April Rhéaume and Josh Sanford of the Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Collective Action against PatientMatters, LLC ("Defendant"), they do hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2. The purpose of this amendment is to limit the scope of the class to the those who worked in Arkansas.

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas, providing bedside advocacy for patients and financial consulting for hospitals.[1]

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Plaintiffs were employed by Defendant at its offices in St. Bernard hospital in Jonesboro.

8. The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

9. Plaintiff Queen Watson ("Watson") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

---

[1] *See* https://www.patientmatters.com/overview, last visited Feb. 7, 2020.

10. Watson was employed by Defendant as a salaried employee from June of 2018 until October of 2019.

11. Plaintiff Jacqueline West ("West") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

12. West was employed by Defendant as a salaried employee from November of 2017 until September of 2018.

13. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

14. Defendant is a foreign limited liability company, with its principal place of business in sunny Orlando, Florida.

15. Defendant's registered address for service is Corporation Service Company, 300 Spring Building, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

### III.     FACTUAL ALLEGATIONS

18.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

19.     At all relevant times herein, Defendant was an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

20.     At all times material herein, Plaintiffs and those similarly situated have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

21.     During the period relevant to this lawsuit, Plaintiffs worked as State Advocates at St. Bernard's Hospital in Jonesboro.

22.     At all relevant times herein, Defendant directly hired State Advocates to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23.     As State Advocates, Plaintiffs and similarly situated employees were responsible for helping patients who did not have health coverage find ways to pay their treatment.

24.     Plaintiffs and other similarly situated employees had no authority to hire or fire any other employee.

25.     Plaintiffs and other similarly situated employees were not asked to provide input as to which employees should be hired or fired.

26.     Plaintiffs and other similarly situated employees did not supervise any other employees.

27. Plaintiffs and other similarly situated employees did not exercise independent judgment as to matters of significance.

28. Plaintiffs and other similarly situated employees performed their job duties according to specific instructions and guidelines given by Defendant.

29. Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours per week.

30. At all relevant times herein, Defendants have deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

31. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

32. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked in excess of 40 per week;

B. Liquidated damages; and

C. The costs of this action, including attorney's fees.

46. Plaintiffs propose the following class under the FLSA:

**All salaried State Advocates in Arkansas in the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA class members are similarly situated in that they share these traits:

A. They were misclassified as salaried employees;

B. They were not paid proper overtime wages as required by the FLSA;

C. They worked more than 40 hours in some weeks; and

D. They had substantially similar job duties, requirements, and pay provisions.

50. Plaintiffs are unable to state the exact number of the class but believe that there are at least fifty (50) other employees who worked as State Advocates and were misclassified as salaried employees.

51. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried State Advocates in Arkansas.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class

mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V.  FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

60. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all times relevant to this Complaint, Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all

those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated in Arkansas for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   THIRD CAUSE OF ACTION
### (Individual Claims for Violation of AMWA)

69. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

71. At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

73. At all times relevant to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the AMWA.

74. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

75. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Queen Watson and Jacqueline West, each individually on behalf of all others similarly situated, respectfully pray as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.   Judgment for liquidated damages pursuant to the FLSA and the AMWA;

E.   For a reasonable attorney's fee, costs, and pre-judgment interest; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**QUEEN WATSON and JACQUELINE WEST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com